IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-5
(3:08-cr-218)

| | |
|---|---|
| CAMERON SCOTT McCLAIN, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate Sentence and Terminate Supervised Release under 28 U.S.C. § 2255, (Doc. No. 1), and the government's response (Doc. No. 4). For the reasons stated below, the Court will deny and dismiss the motion.

I. BACKGROUND

On October 28, 2008, a federal grand jury indicted Petitioner for possessing a firearm after being convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:08cr218, Doc. No. 1). Petitioner pled guilty before a magistrate judge without the benefit of a plea agreement. (Id., Doc. No. 11: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to thirty-two months' imprisonment followed by two years' supervised release and entered judgment on September 3, 2009. (Id., Doc. No. 16: Judgment). Petitioner did not appeal his conviction or sentence.

He was released from confinement and began his term of supervised release on February 11, 2011. (Id., Doc. No. 20: Petition for Revocation of Supervised Release). On September 26, 2011, a magistrate judge approved the issuance of a warrant for Petitioner's arrest based on alleged possession of marijuana with intent to distribute and a drug test positive for marijuana.

(Id.). Petitioner was transferred to federal custody on September 30, 2011, and released later on bond pending a final revocation hearing. (Id., Doc. No. 25: Order). On January 5, 2012, the Court scheduled a final revocation hearing for January 18, 2012.

Later that day, Petitioner filed the instant motion to vacate claiming he is not a felon under § 922(g)(1) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his predicate conviction for possession of marijuana with intent to distribute did not expose him to more than one years' imprisonment. (Doc No. 1 at 3). The government concedes Petitioner is actually innocent of the § 922(g)(1) offense, but asserts his motion is untimely under § 2255.[1] (Doc. No. 3: Response at 1).

II. DISCUSSION

A. Standard of Review

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the Court must direct the government to respond. Id. The Court must then review the government's answer and any materials submitted by the parties to determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Upon review, the Court has concluded that a hearing is not required because it is clear that Petitioner is not entitled to relief under § 2255. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] The government's response goes on to discuss whether relief is available under 28 U.S.C. § 2241 and suggests that the Court hold the § 2255 motion in abeyance pending the Fourth Circuit's resolution of a case in which the retroactivity of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) is an issue. (Doc. No. 4 at 3-7). However, the instant motion filed by counsel for Petitioner does not seek relief under § 2241; therefore, that issue is not before the Court.

2

B.  Timeliness

Title 28, United States Code, Section 2255(f) applies a one-year limitations period to motions to vacate. For purposes of the instant motion, filed more than two years after Petitioner's conviction became final, the one-year limitations period could run from the date on which the right asserted for relief was recognized by the Supreme Court and made retroactive.[2] 28 U.S.C. § 2255(f)(3). Here, Petitioner claims that the Fourth Circuit's decision in Simmons created a retroactive rule of criminal procedure that allows him to proceed under § 2255. (Doc. No. 3: Memorandum at 4). Petitioner provides no legal authority to ignore the plain language of § 2255(f)(3) which requires that the right asserted be recognized by the Supreme Court and made retroactive. Accordingly, the motion is untimely.[3]

Even if Petitioner's reliance on Simmons were considered to incorporate the Supreme Court's Carachuri-Rosendo decision, the motion would still be untimely. Carachuri-Rosendo was decided on June 14, 2010, but Petitioner's motion was not filed until January 5, 2012. Therefore, the motion was not filed within one year of the date of the Supreme Court's decision on which the claim of a new right would be based. Dodd v. United States, 545 U.S. 353, 357 (2005) (limitations period runs from date of decision creating the right, not the decision recognizing retroactivity).

---

[2] Petitioner has not satisfied the other measures of the limitations period which are: the date on which the judgment of conviction becomes final; the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; or the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

[3] The Court raised the untimeliness issue in a hearing with the parties present on January 18, 2012, and the government's response, filed the same day, squarely addresses the issue. However, counsel for Petitioner has not filed a reply. Therefore, the Court finds that the notice and opportunity to explain required by Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) has been satisfied.

C. Equitable Tolling

In extremely rare circumstances, the § 2255 limitations period may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). Petitioner asserts his failure to make his claim before he was sentenced should be excused because the change in the law did not occur until after his conviction became final. (Doc. No. 3: Memorandum at 5). His reliance on United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), which dealt with claims not raised on direct appeal, misses the point that his claim is time-barred. Petitioner's conviction became final in September 2009, so he could have filed a claim based on the June 14, 2010, Carachuri-Rosendo decision within in the one-year limitations period in § 2255(f)(1). Additionally, courts have recognized that the Fourth Circuit has not applied equitable tolling to time-barred claims of actual innocence. Harrison v. United States, 3:11cv444 (W.D.N.C. Oct. 4, 2011) (Reidinger, J.) (declining to follow Sixth and Ninth Circuits finding equitable tolling for actual innocence claim in absence of Supreme Court or Fourth Circuit authority); Blakney v. United States, 4:11cv70024, 2011 WL 1113468 (D.S.C. March 24, 2011) (Harwell, J.) (collecting First, Fifth, Seventh, Eighth, and Ninth Circuit decisions that have rejected such an exception), appeal dismissed, No. 11-6562, 2011 WL 4336742 (4th Cir. Sept. 16, 2001); Palmer v. United States, 3:08cv16, 2010 WL 5621338 (W.D.N.C. Jan. 20, 2011) (Mullen, J.) (finding no authority in Fourth Circuit for equitable tolling based on actual innocence).

Even if equitable tolling could apply, Petitioner would have to show, among other things, that he has been diligently pursuing his rights. Holland v. Florida, 130 S. Ct. 2549 (2010). As noted above, Carachuri-Rosendo was decided on June 14, 2010, when Petitioner was still incarcerated, yet he did not seek to vacate his conviction. Simmons was decided on August 17, 2011, when Petitioner was on supervised release, yet he did not seek relief. It was not until

4

January 5, 2012, after a final hearing on the revocation of Petitioner's supervised release was scheduled, that he filed the instant motion to vacate. Thus, the Court finds that he was not diligent in pursuing his rights and his time-barred claim is not saved by equitable tolling.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate under § 2255 is **DENIED and DISMISSED.**[4]

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 1, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[4] Having considered Petitioner's claims under § 2255, it is not necessary to consider the alternative claim added in the Memorandum under 28 U.S.C. § 1651(a) for a writ of error coram nobis. (Doc. No. 3 at 6). That relief is not available to a person "in custody," United States v. Jensen, 76 F. App'x 507 (4th Cir. 2003), as is Petitioner based on his active supervised release term, United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).