UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-5-RJC
3:12-cv-82-RJC
(3:08-cr-218-RJC)

| | |
|---|---|
| CAMERON SCOTT McCLAIN ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit (Case No. 3:12-cv-5, Doc. No. 12: Order), Petitioner's Motion to Vacate Sentence and Terminate Supervised Release under 28 U.S.C. § 2241, or Alternatively for Writ of Coram Nobis (Case No. 3:12-cv-82, Doc. No. 1), and the Government's Response in Support in both cases. For the reasons that follow, Petitioner's claims for relief will be denied, and the § 2255 and § 2241 motions will be dismissed. Petitioner's alternative petition for writ of error *coram nobis* will be denied.

I.  BACKGROUND

On October 28, 2008, a federal grand jury indicted Petitioner for possessing a firearm after being convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:08-cr-218, Doc. No. 1). Petitioner pled guilty before a magistrate judge without the benefit of a plea agreement. (Id., Doc. No. 11: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to thirty-two months' imprisonment followed by two years' supervised release and entered judgment on September 3, 2009. (Id., Doc. No. 16: Judgment). Petitioner did not appeal his conviction or sentence.

He was released from confinement and began his term of supervised release on February 11, 2011. (Id., Doc. No. 20: Petition for Revocation of Supervised Release). On September 26, 2011, a magistrate judge approved the issuance of a warrant for Petitioner's arrest based on alleged possession of marijuana with intent to distribute and a drug test positive for marijuana. (Id.). Petitioner was transferred to federal custody on September 30, 2011, and released later on bond pending a final revocation hearing. (Id., Doc. No. 25: Order). On January 5, 2012, the Court scheduled a final revocation hearing for January 18, 2012.

Later that day, Petitioner filed the instant § 2255 motion claiming he is not a felon under § 922(g)(1) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his predicate conviction for possession of marijuana with intent to distribute did not expose him to more than one years' imprisonment. (Case No. 3:12-cv-5, Doc No. 1 at 3). The Government conceded Petitioner is actually innocent of the § 922(g)(1) offense, but asserted his motion was untimely under § 2255. (Id., Doc. No. 3: Response at 1). The Court denied and dismissed the motion as untimely under 28 U.S.C. § 2255(f) on February 1, 2012. (Id., Doc. No. 5: Order). While Petitioner's appeal of that decision was pending, the Government moved Fourth Circuit to remand the case so it could waive its statute-of-limitations defense. (Case No. 12-6407, Doc. No. 16). The Fourth Circuit granted the motion and remanded the case to this Court on August 29, 2012. (Id., Doc. No. 17).

After the Court denied Petitioner's Motion to Vacate under § 2255, he filed the instant Motion to Vacate under § 2241, or alternatively for writ of *coram nobis* on February 7, 2012. (Case No. 3:12cv82, Doc. No. 1). The Government responded on October 19, 2012, that the § 2241 motion should be denied since it had waived its statute-of-limitations defense to the § 2255 motion. (Id., Doc. No. 2). Both motions are now ripe for disposition.

2

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

    A.    Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's criminal judgment became final for purposes of the statute of limitations on or about September 17, 2009, when the time period for filing a direct appeal

expired. Fed. R. App. P. 4(b)(1)(A)(i)(2008); Clay v. United States, 537 U.S. 522, 527 (2003). As noted above, the instant § 2255 motion was not filed until January 5, 2012, over two years after the judgment became final. Additionally, as detailed below, no right has been newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. Finally, Petitioner is not entitled to equitable tolling because he does not present a meritorious claim for relief. Therefore, the motion is untimely.

However, the Government's response notes "the Department of Justice has decided that, in this category of cases, in the interests of justice, it will waive reliance on the statute-of-limitations defense." (Case No. 3:12-cv-5, Doc. No. 13: Response at 3). The Government asserts that under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner has no predicate conviction for an offense punishable by more than one year in prison.[1] Therefore, the Government requests that the Court vacate the conviction for being a felon in possession of a firearm. (Case No. 3:12-cv-5, Doc. No. 13: Response at 1).

Although Petitioner has been released from custody, he remains on supervised release and stands convicted of a federal felony. These continuing consequences satisfy the "case or controversy requirement" of Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason, and, in light of the Government's waiver of the statute of limitation defense, the Court may consider the merits of Petitioner's claim.

---

[1] The most serious underlying felonies for which Petitioner was convicted (possession with intent to sell marijuana, carrying a concealed gun, and possession of a handgun by a minor) carried a maximum of eight months' imprisonment. (Case No. 3:08-cr-218, Doc. No. 14: Presentence Report at 5).

4

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). Although the Government's Response was filed months after Powell, it does not address that decision's limitation on the reach of Simmons. Even so, the Fourth Circuit has recently ruled that Simmons does not apply to cases on collateral review. In United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012) (unpublished), the court explained that a "claim for retroactive application of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc), fails in light of our recent opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012)." See also United States

5

v. Brown, No. 12-7713, 2012 WL 6604898, at *1 (4th Cir. Dec. 12, 2012) (unpublished) (rejecting claim that prior state conviction no longer qualified as a felony because Simmons is not retroactively applicable to cases on collateral review).

The Fourth Circuit has recently and repeatedly said Simmons is not retroactive. This inferior Court cannot say that it is. Petitioner is not eligible for relief under § 2255.

B. Relief under 28 U.S.C. § 2241

The savings clause in § 2255(e) provides a petitioner the opportunity to pursue habeas relief under § 2241 if it appears that the remedy allowed in a § 2255 proceeding is inadequate or ineffective to test the legality of the person's conviction. Petitioner has presented his claim in his § 2255 motion and is not entitled to relief on the merits. However, that does not render his § 2255 proceeding "ineffective" such that he may now pursue relief under § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)). Therefore, Petitioner is not entitled to relief under § 2241 because he has had the opportunity to test the legality of his sentence under § 2255.

C. Writ of Coram Nobis

Relief under a theory of *coram nobis* was traditionally available only to raise factual errors affecting the validity and regularity of the underlying proceeding itself, such as a defendant's being under age or deceased. Carlisle v. United States, 517 U.S. 416, 429 (1996). Although the All Writs Act provides residual authority for courts to issue writs not otherwise addressed by statute, such authority ends where a statute controls. Id. Thus, the Fourth Circuit

6

Case 3:12-cv-00005-RJC   Document 15   Filed 02/21/13   Page 6 of 8

found that the writ was properly granted "in light of a retroactive dispositive change in the law of mail fraud" where petitioners had already served their sentences and had no other remedy available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (vacating convictions in wake of McNally v. United States, 483 U.S. 350 (1987)).

Petitioner was lawfully sentenced under then-existing law, and subsequent decisions in Carachuri and Simmons have not been made retroactive. Therefore, Petitioner is not entitled to *coram nobis* relief because no retroactive change in the law has rendered the prior proceedings invalid, and he has had the opportunity to seek a remedy under § 2255.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Case No. 3:12-cv-5, Doc. No. 1), is **DISMISSED**;

2. Petitioner's § 2241motion (Case No. 3:12-cv-82, Doc. No. 1) is **DISMISSED**; and

3. Petitioner's alternative petition for writs of *coram nobis* is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court **ISSUES** a certificate of appealability as reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See United States v. Powell, 691 F.3d 554, 560, 564 (4th Cir. 2012) (King, J., dissenting in part) (strongly disagreeing with majority's analysis finding Carachuri to announce a procedural rule in all cases); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003)(defining standard for issuing certificate of appealability).

Signed: February 20, 2013

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge

8